**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL121229

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## BROOKLYN DIVISION

| | |
|---|---|
| Leah Rosenfeld, | Case No: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Credit Control, LLC d/b/a Credit Control & Collections, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Leah Rosenfeld, by and through the undersigned counsel, complains, states, and alleges against defendant Credit Control, LLC d/b/a Credit Control & Collections, LLC as follows:

### INTRODUCTION

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

2.      Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3.      The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted

by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4.      To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5.      As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6.      Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7.      If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

8.      The FDCPA is a strict liability statute, and a debt collector's intent may only be

considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).  A single violation of the FDCPA is sufficient to establish civil liability against a debt collector.  *Id.*

## JURISDICTION AND VENUE

9.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10.      This court has jurisdiction over defendant Credit Control, LLC d/b/a Credit Control & Collections, LLC because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11.      Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

12.      Plaintiff Leah Rosenfeld ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Kings County, New York.

13.      Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14.      Defendant Credit Control, LLC d/b/a Credit Control & Collections, LLC ("Defendant") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Saint Louis County, Missouri.

15.      Defendant has transacted business within the State of New Yok as is more fully set forth hereinafter in this Complaint.

16.      Defendant regularly collects or attempts to collect debts asserted to be owed to

3

others.

17.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.     The principal purpose of Defendant's businesses is the collection of such debts.

19.     Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21.     The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

23.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24.     The alleged Debt does not arise from any business enterprise of Plaintiff.

25.     The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

26.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

27.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

4

28.     In its efforts to collect the alleged Debt, Defendant caused correspondence, including a collection letter dated July 16, 2020, to be sent to Plaintiff.  (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

29.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

30.     The Letter conveyed information regarding the alleged Debt.

31.     The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

32.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive clear, accurate and unambiguous collection letters from Defendant that would allow Plaintiff to identify the source of the alleged Debt and confirm that the alleged Debt was actually owed.  As set forth herein, Defendant deprived Plaintiff of these rights.

33.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of these rights.

34.     Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

35.     Plaintiff's injury is directly traceable to Defendant's conduct because Defendant sent the Letter, and but for Defendant's conduct, Plaintiff would not have been deprived of the aforementioned rights.

36.     Plaintiff has been misled by Defendant's conduct.

37.     Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

38.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

39.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

40.     As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

41.     As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

42.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

43.     A favorable decision herein would redress Plaintiff's injury with money damages.

44.     A favorable decision herein would serve to deter Defendant from further similar conduct.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(1)

45.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

47.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

48.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

49.     An overstatement of the amount of a debt violates 15 U.S.C. § 1692g(a)(1).

50.     The Letter claims that Plaintiff owed $178.20.

51.     Plaintiff did not owe $178.20.

52.     Plaintiff owed an amount less than $178.20.

53.     Defendant overstated the amount owed by Plaintiff.

54.     Defendant's overstatement of the amount owed by Plaintiff violates 15 U.S.C. § 1692g(a)(1).

55.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

### SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

56.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58.     An overstatement of the amount of a debt is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

59.     An overstatement of the amount of a debt is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

60.     An overstatement of the amount of a debt is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

61.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

62.     An overstatement of the amount of a debt is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

63.     An overstatement of the amount of a debt is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

64.     An overstatement of the amount of a debt is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

65.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66.     An overstatement of the amount of a debt is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

67.     An overstatement of the amount of a debt is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

68.     The Letter claims that Plaintiff owed $178.20.

69.     However, Plaintiff did not owe $178.20.

70.     Plaintiff owed an amount less than $178.20.

71.     Defendant overstated the amount owed by Plaintiff.

72.     Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $178.20 when Plaintiff owed an amount less than $178.20 – is a false representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

73.     Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $178.20 when Plaintiff owed an amount less than $178.20 – is a deceptive representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

74.     Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $178.20 when Plaintiff owed an amount less than $178.20 – is a misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

75.     Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $178.20 when Plaintiff owed an amount less than $178.20 – is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

76.     Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $178.20 when Plaintiff owed an amount less than $178.20 – is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

77.     Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $178.20 when Plaintiff owed an amount less than $178.20 – is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

78.     Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $178.20 when Plaintiff owed an amount less than $178.20 – is a false representation made in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

79.     Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed $178.20 when Plaintiff owed an amount less than $178.20 – is a deceptive means used in an attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10).

80.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

81.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a.   Finding Defendant's actions violate the FDCPA; and

b.   Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c.   Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d.   Awarding the costs of this action to Plaintiff; and

e.   Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f.   Such other and further relief that the Court determines is just and proper.

DATED: January 25, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: _David M. Barshay_

David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL121229
*Attorneys for Plaintiff*

